

# STATE OF MICHIGAN

# SUPREME COURT

156086(97)

RITA KENDZIERSKI, BONNIE HAINES,
GREG DENNIS, LOUISE BERTOLINI, JOHN
BARKER, JAMES COWAN, VINCENT
POWIERSKI, ROBERT STANLEY, ALAN
MOROSCHAN, and GAER GUERBER, on
Behalf of Themselves and All Others Similarly
Situated,

   Plaintiffs-Appellees,

v

MACOMB COUNTY,

   Defendant-Appellant.

               /

SC: 156086
COA: 329576
Macomb CC: 2010-001380-CK

### Statement of Justice David F. Viviano Regarding
### Plaintiffs-Appellees' Motion to Disqualify

### January 16, 2019

   VIVIANO, J. Justice VIVIANO denies plaintiffs' motion for disqualification.[1] As an initial matter, recusal is a consequential action, and courts have recognized a judge's duty to hear cases in which recusal standards are not met. See, e.g., *In re Drexel Burnham Lambert, Inc*, 861 F2d 1307, 1312 (CA 2, 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."); *Anderson v United States*, 754 A2d 920, 925 (DC, 2000) ("Although a judge has a duty to recuse when required, a judge has as strong an obligation not to recuse when the situation does not require.") (quotation marks and citation omitted). Justices of this Court have also recognized a "duty to sit" that constrains members of a court of last resort in particular. See *Citizens Protecting Michigan's Constitution v Secretary of State*, 482 Mich 949, 951 n 3 (2008) (statement by YOUNG and MARKMAN, JJ.) (discussing the "the 'Duty to Sit' doctrine, under which there is an obligation to remain on any case absent good grounds for recusal, especially in a court of last resort, such as the supreme court of a jurisdiction, where there are no

---

[1] See MCR 2.003(D)(3)(b) ("In the Supreme Court, if a justice's participation in a case is challenged by a written motion . . . the challenged justice shall decide the issue and publish his or her reasons about whether to participate.").

substitute judges to take the place of those who are recused") (quotation marks and citation omitted).

Justice VIVIANO requested that the Supreme Court Clerk, Larry Royster, send a letter to counsel on the subject of disqualification because he did not know whether the parties were aware that his father is a retiree of Macomb County and that his father and mother receive healthcare benefits from the county that may be impacted by the Court's decision in this case.[2]  However, plaintiffs concede that they have known since early 2011 that Justice VIVIANO's father was a retiree of Macomb County and that by early 2013 (when they took the deposition of Wendy Fisher), plaintiffs further were made aware that changes to the healthcare benefits of the county's union and nonunion retirees had moved in lockstep.  A motion for disqualification in the Supreme Court must be filed "within 28 days after the filing of the application for leave to appeal or within 28 days of the discovery of the grounds for disqualification." MCR 2.003(D)(1)(c).  Plaintiffs' motion is not based on newly discovered grounds and was not filed within 28 days after the filing of the application for leave to appeal.  It is therefore untimely.[3]  Despite the fact that defendant raised the timeliness issue in its response, plaintiffs have failed to show good cause for their untimeliness.[4]  Therefore, Justice VIVIANO denies as untimely plaintiffs' motion for disqualification on this ground.

After arguing that Justice VIVIANO's family interests warrant recusal (presumably on the basis that he may be partial to plaintiffs), plaintiffs argue somewhat inconsistently that Justice VIVIANO should also be disqualified because of his relationship with the Macomb County Executive (presumably on the basis that he may be partial to defendant).  In particular, plaintiffs express concern that Justice VIVIANO recently attended the County Executive's official and public

---

[2] Judges have an ethical responsibility to "raise the issue of disqualification whenever the judge has cause to believe that grounds for disqualification may exist under MCR 2.003(C)."  Code of Judicial Conduct, Canon 3(C).

[3] Contrary to the implication in plaintiffs' reply brief, the statement in Mr. Royster's letter that the parties must file a motion for disqualification "within 28 days of the date of this letter" did not suspend the timing requirements of the rule.  Rather, the letter stated only that the rule provides a 28-day period for motions for disqualification if the grounds are newly discovered.  See MCR 2.003(D)(1)(c) ("All other motions must be filed within 28 days after the filing of the application for leave to appeal *or within 28 days of the discovery of the grounds for disqualification*.") (emphasis added).  Here they were not.

[4] After stating that a motion for disqualification "must" be filed within the time periods set forth in the rule, MCR 2.003(D)(1)(c), and that untimely motions "may be granted for good cause shown," MCR 2.003(D)(1)(d), the rule confusingly states that "untimeliness is a factor in deciding whether the motion should be granted," MCR 2.003(D)(1)(d). It is unclear, therefore, how much discretion a judge has to grant an untimely motion to disqualify.  See generally *Davis v Chatman*, 292 Mich App 603, 615 (2011) (holding that the failure to comply with the procedural requirements of MCR 2.003 "waived the issue of disqualification").  Regardless, it is undisputed that the motion was untimely, and plaintiffs have not provided any good cause for their delay or other countervailing factors militating in favor of granting the motion.

swearing-in ceremony and his annual State of the County Address. However, plaintiffs provide no authority for the proposition that judges should not attend public ceremonies involving the other branches of government. It is not uncommon for the members of this Court, or the United States Supreme Court for that matter, to attend or conduct the swearing-in ceremonies for members of the other branches of government.[5] Nor is it uncommon for justices to attend the State of the Union or the State of the State address.[6] Crediting plaintiffs' theory would mean that United States Supreme Court justices could not hear cases involving the United States as a party, and no member of this Court could hear cases in which the state of Michigan was a party. There is no support in logic, law, or history for such a conclusion.[7] Justice VIVIANO denies the motion on this basis as well.

---

[5] On January 1, 2019, all members of this Court attended the swearing-in of the governor, attorney general, secretary of state, supreme court justices, court of appeals judges, and newly elected members of the statewide education boards. See Detroit Free Press, *Gretchen Whitmer Officially Sworn in as Michigan's 49th Governor* <https://www.freep.com/story/news/local/michigan/2019/01/01/gretchen-whitmer-michigan-governor-inauguration/2456726002/> (accessed January 14, 2019) [https://perma.cc/WD9X-MY88]. And, every four years, the Chief Justice of the United States Supreme Court administers the oath of office to the President of the United States. See The New York Times, *The Oath of Office: 35 Words That Are Harder Than They Look* <https://www.nytimes.com/2017/01/19/us/politics/presidential-oath-of-office.html> (accessed January 15, 2019) [https://perma.cc/X4E7-8Q3N].

[6] All members of this Court typically are in attendance for the State of the State address. See WKAR, *Michigan State of State* <http://www.wkar.org/programs/michigan-state-state#stream/0> (accessed January 14, 2019) [https://perma.cc/DDH4-N6LA]. Fewer United States Supreme Court justices have attended the State of the Union in recent years. See New York Post, *Only Four Supreme Court Justices Attend State of the Union* <https://nypost.com/2018/01/30/only-4-supreme-court-justices-attend-state-of-the-union/> (accessed January 14, 2019) [https://perma.cc/8P99-4NGW].

[7] Plaintiffs argue more broadly that the motion should be granted because Justice VIVIANO is acquainted with their "litigation-nemesis" and " 'star witness.' " But—even assuming a cordial relationship exists—plaintiffs again provide no support for the notion that such a relationship with a party or witness requires recusal. Cf. MCR 2.003(C)(1)(g)(iv) ("Disqualification of a judge is warranted for reasons that include . . . [t]he judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . is to the judge's knowledge likely to be a material witness in the proceeding.").